UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

===================================
JOEL SCHLESINGER individually and
on behalf of all others similarly situated

                              Plaintiff,

     -against-

NORTHSTAR LOCATION SERVICES, LLC

                             Defendant.

===================================

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Joel Schlesinger files this Complaint seeking redress for the illegal practices of Northstar Location Services, LLC, in connection with the collection of a debt allegedly owed by the consumer in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, et seq. ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Cheektowaga, New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Joel Schlesinger*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about April 20, 2015, Northstar Location Services, LLC sent a collection letter to the Plaintiff Joel Schlesinger.

11. The said letter was an effort to collect on a consumer debt.

12. Said letter stated as follows: "Whenever $600.00 or more of a debt is forgiven as a result of settling a debt for less than the balance owed, it may be considered taxable income. Barclays Bank Delaware is required to report the amount of the debt forgiven to the Internal Revenue Service on Form 1099C, a copy of which will be mailed to you."

13. Defendant's said statement that Northstar Location Services, LLC's client, Barclays Bank Delaware "is required to report the amount of the debt forgiven to the Internal Revenue Service on Form 1099C," is deceptive and misleading in violation of the FDCPA.

14. Internal Revenue Code 26 U.S.C. § 6050P as further defined and clarified by the Treasury Regulation 1.6050P-1 (a)(1), states "a discharge of indebtedness is deemed to have occurred . . . if and only if there has occurred an identifiable event described in paragraph (b)(2) of this section." Paragraph (b)(2)(F) of that section defines an "identifiable event" as "[a] discharge of indebtedness pursuant to an agreement between an applicable entity and a debtor to discharge indebtedness at less than full consideration." 26 C.F.R. § 1.6050P-1(b)(2)(F).

15. However, Treasury Regulation 1.6050P-1, outlines certain exceptions to the § 6050P reporting requirement. 26 C.F.R. § 1.6050P-1(d). The most pertinent of these eight exceptions for the present case are §§ 1.6050P-1(d)(2) and (3), which reads:

> (2) Interest. The discharge of an amount of indebtedness that is interest **is not required to be reported** under this section.
>
> (3) Non-principal amounts in lending transactions. In the case of a lending transaction, the discharge of an amount other than stated principal **is not required to be reported** under this section. For this purpose, a lending transaction is any transaction in which a lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).

16. It is therefore entirely possible to forgive $600 or more of the debt and yet not be required to even file a Form 1099C.

17. Furthermore, a consumer who has had difficulty paying his debts is

unlikely to have income as a result of the settlement of a debt, in that such a person is more likely to be insolvent (in the sense that his liabilities exceed his assets) and the discharge of indebtedness by someone who is insolvent is not income.

18. The Defendant gives erroneous and/or incomplete tax advice to consumers.

19. The purpose and effect of the statement is to suggest to the unsophisticated consumer that failure to pay will get the consumer into trouble with the IRS. *Good v. Nationwide Credit, Inc.*, No. 14-4295, 2014 WL 5422103 (E.D. Pa., Oct. 27, 2014); *Wagner v. Client Services, Inc.*, No. 08-5546, 2009 WL 839073, 2009 U.S. Dist. LEXIS 26604 (E.D.Pa., March 26, 2009); *Sledge v. Sands*, 182 F.R.D. 255 (N.D.Ill. 1998); *Kaff v. Nationwide Credit, Inc.*, 13-cv-05413-SLT-WP.

20. The statement in the said April 20, 2015 letter concerning tax consequences is false and misleading, and omits to state material facts, in violation of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).

21. Plaintiff seeks to end these violations of the FDCPA. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

### *Class Allegations*

22. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

23. The identities of all class members are readily ascertainable from the records of Northstar Location Services, LLC and those business and governmental entities on whose behalf it attempts to collect debts.

24. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Northstar Location Services, LLC, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

25. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

26. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

27. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

28. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would

engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

29. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the FDCPA, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

30. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

31. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

32. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R.Civ. P. 23(c)(4).

### FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. This cause of action is brought on behalf of Plaintiff and the members of a class.

35. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff, within one year prior to the date of the within complaint up to and including the date of the filing of this complaint; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered, and (c) the Defendant's statement in the said April 20, 2015 letter concerning tax consequences is false and misleading, and omits to state material facts, in violation of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).

### *Violations of the Fair Debt Collection Practices Act*

36. The Defendant's actions as set forth above in the within complaint violates the FDCPA.

37. Because the Defendant violated the FDCPA, the Plaintiff and the members of the class are entitled to damages in accordance with the FDCPA.

38. As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover actual and statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); and

b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

c) An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities, including without limitation:

   Directing Defendant to cease engaging in debt collection practices that violate the FDCPA; and

   Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
June 30, 2015

/s/ David Palace
**Law Offices of David Palace** (DP 3855)
383 Kingston Ave. #113
Brooklyn, New York 11213
Telephone: 347-651-1077
Facsimile: 347-464-0012

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

/s/ David Palace
David Palace esq. (DP 3855)

**NORTHSTAR LOCATION SERVICES, LLC**

4285 Genesee Street
Cheektowaga NY 14225-1943
ADDRESS SERVICE REQUESTED

1-866-610-2726
Hours Mon-Thurs 8AM-10PM ET,
Fri 8AM-8PM ET, Sat 8AM-12PM ET

04/20/15
201500000149337

Northstar Location Services, LLC
Attn: Financial Services Dept.
4285 Genesee Street
Cheektowaga, NY 14225-1943

BB5     571885806

JOEL SCHLESINGER
1855 60th St # A1
Brooklyn NY 11204-2321

| Creditor | BARCLAYS BANK DELAWARE / BARCLAYCARD FINANCING VISA CARD |
|---|---|
| Account # | ************9728 |
| Balance | $2,961.36 |
| Amount Remitted | |

Payment Website: https://www.gotonls.com

TO ENSURE PROPER CREDIT, RETURN THIS PORTION WITH YOUR PAYMENT.

| Creditor | Account # | Balance |
|---|---|---|
| BARCLAYS BANK DELAWARE / BARCLAYCARD FINANCING VISA CARD | ************9728 | $2,961.36 |

Northstar Location Services, LLC, an authorized representative for Barclays Bank Delaware, would like to work with you in an effort to resolve the balance on the above account.

We would like to discuss a settlement option, to pay less than the full balance due, with you. Please contact our office toll free at 1-866-610-2726 to make arrangements.

Whenever $600.00 or more of a debt is forgiven as a result of settling a debt for less than the balance owed, it may be considered taxable income. Barclays Bank Delaware is required to report the amount of the debt forgiven to the Internal Revenue Service on Form 1099C, a copy of which will be mailed to you. If you are uncertain of the tax consequences, consult your tax advisor.

Once your account is settled for less than the full balance, Barclays Bank Delaware will send notification to the credit reporting agencies to reflect the settlement. Please allow Barclays Bank Delaware at least 30 days for the change to be updated on your credit bureau.

This letter is contingent on the clearance of all payments made towards the settlement. If any payments made as part of the settlement fail to clear, this offer will be null and void.

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

To make paying your account more convenient we offer the following payment options:
- Check-by-phone at 1-866-610-2726
- MoneyGram ExpressPayment
- Credit or Debit Card
- Web Pay at www.gotonls.com
- Pay in person at our office
- Enclose your payment in the envelope

You may contact David Evtimovski toll free at 1-866-610-2726 to make your payment.

This collection agency is licensed by the Department of Consumers Affairs, the City of New York License # 1179143.



1CSNOST01BB5